UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> OF THE UNITED STATES OF AMERICA ) <br> FOR AN ORDER AUTHORIZING THE ) <br> INSTALLATION AND USE OF ) <br> SURVEILLANCE CAMERAS ) | Magistrate Case No. <br> 5:22-MJ-5342-MAS |

\* \* \* \* \*

## APPLICATION

1. Comes the United States of America, by counsel, Assistant United States Attorney Francisco Villalobos, and moves the Court, pursuant to 28 U.S.C. § 1651(a), to grant an order which: (1) authorizes the continued installation of and use for 90 days a surveillance camera on the utility pole identified below; (2) orders that LG&E/Kentucky Utilities and their agents and employees, make no disclosure of the existence of the application and order for the installation of the surveillance cameras unless authorized to do so by this Court; and (3) seals this Application and the Court's orders pending further order of the Court.

2. The United States seeks an order authorizing the continued installation and use of surveillance cameras on a utility pole maintained by LG&E/Kentucky Utilities, located near 4460 Haley Road, Lexington, Fayette County, Kentucky, 40516. The location was previously confirmed by FBI Special Agent Isaac Robison. Poles are located along the public road, Haley Road, near the residence 4460 Haley Road, Lexington, Kentucky. Attachment A to this Application contains images of the property and surrounding area obtained by SA Robison who has personally viewed the pole and surrounding area. The image provided is a fair and accurate representation of 4460 Haley Road, Lexington, Kentucky, 40516 and the surrounding area.

The Court previously granted the installation of the surveillance camera in case number 22-MJ-5342 on September 22, 2022.

3. In support of this Application, the United States submits the following, which is based on information collected during investigation by law enforcement. Special agents and task force officers from the Federal Bureau of Investigation (FBI) are continuing to investigate a street gang identified as the Black P Stones (BPS), concerning violations of 21 U.S.C. § 841(a)(1), distribution of controlled substances, and 18 U.S.C. § 1956(a)(1), money laundering. Based on the investigation, law enforcement believes BPS is likely using the location at 4460 Haley Road, Lexington, Kentucky, in part to facilitate the suspected illegal activity.

4. The information set forth below was provided by SA Robison, the Lexington Police Department Gang Unit (LPDGU), and other law enforcement officers. It is not meant to be a complete recitation of the facts spanning the entire investigation and is to be used only to establish that the authorization of the pole camera is necessary and material to the on-going investigation. Any first person reference in the factual basis below is attributable to Special Agent Robison.

## Investigation

5. According to the National Gang Intelligence Center (NGIC) Kentucky has one of the highest concentrations of BPS members in the United States. According to NGIC, BPS are involved in the street level distribution of drugs, homicide, carjacking, and theft. They also launder drug money by investing in legitimate businesses. According to LPDGU there is a significant presence of BPS members in Lexington, Kentucky, and the surrounding areas around Fayette County, Kentucky. There are many validated BPS members in Lexington, and many have been involved in recent acts of violence, shootings, and homicides. LPDGU has also received intelligence that many BPS members are involved in illegal gambling houses.

6. LPDGU has identified Adrian Black Sr. to be one of the local leaders for BPS in Lexington. Black resides at 4460 Haley Rd, Lexington, Kentucky, and he has used this address to register multiple businesses with the Kentucky Secretary of State (KYSOS). According to KYSOS, one business registered at 4460 Haley Road is Black Dynasty LLC where Black is listed as an organizer and member of Black Dynasty. According to the open-source research, Black Dynasty is involved in home repairs and also sells pure bred canines. According to KYSOS, 4460 Haley Road is also listed as the principal office for B&G Trucking 77 LLC, where Black is also listed as an organizer.

7. The continued installation and use of the previously installed pole camera is needed in order to surveil 4460 Haley Rd and further investigate the nature of Black's involvement with BPS. Physical surveillance would be very difficult in the area because Haley Rd is a small two-lane highway, the houses in the area are very spread out, and there are no public walkways or areas to park with the residence in view. The pole camera will allow law enforcement to further investigate without revealing themselves or placing themselves in harm's way. The video surveillance footage may also be used to develop potential co-conspirators and may also be used to support affidavits for search warrants for other locations for drugs, drug paraphernalia, drug records, or proceeds of the drug activities. The surveillance camera will be placed in an area accessible to the general public.

8. There is no reasonable expectation of privacy in the area outside 4460 Haley Road in Lexington, Kentucky. The installation of video cameras on utility poles outside residences and businesses to view only "what any passerby would easily have been able to observe" and not to view the inside of those residences does not violate the Fourth Amendment. *United States v. Jackson*, 213 F. 3d 1269, 1280-81 (10th Cir.), *vacated on other grounds*, 531 U.S. 1033, 121 S.

Ct. 621, 148 L Ed. 2d 31 (2000) (relating to application of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)). "The use of video equipment and cameras to record activity visible to the naked eye did not ordinarily violate the Fourth Amendment," much less use of the equipment to view activity that "a person knowingly exposes to the public." *Id*. (citing *Dow Chem. Co. v. United States*, 476 U.S. 227, 106 S. Ct. 1819, 90 L. Ed. 2d 226 (1986) (aerial photography of facility did not violate company's reasonable expectations of privacy), and *California v. Ciraolo*, 476 U.S. 207, 106 S. Ct. 1809, 90 L. Ed. Ed 210 (1986) (aerial observation of fenced-in back yard within residence's curtilage did not violate Fourth Amendment)). Accordingly, "there was no need for [law enforcement] to obtain a search warrant before installing and utilizing the video cameras." *Jackson*, 213 F. 3d at 1281.

9. In *United States v. Bucci*, 582 F.3d 108, 116 (1st Cir. 2009), the First Circuit Court of Appeals upheld the district court's denial of a motion to suppress video surveillance evidence collected by law enforcement over an eight month period. "Law enforcement authorities installed a video camera on a utility pole across the street from Bucci's home and conducted surveillance of the front of his house for eight months." The First Circuit determined that "Bucci has failed to establish either a subjective or an objective expectation of privacy in front of his home, as viewed by the camera." *Id*. The Court of Appeals noted that there were not shrubs, bushes, fences or other barriers that block view by the public of Bucci's home, and further stated that "an individual does not have an expectation of privacy in items or places he exposes to the public." *Id*. at 117 (citing *Katz v. United States*, 389 U.S. 347, 351 (1967)).

10. As before, the pole surveillance camera will not have the ability to record audio. The surveillance camera will only view what is visible with the naked eye from the public area in front of the residence.

**WHEREFORE**, it is respectfully requested that this Court grant an order, which:

(A) authorizes the continued installation and use for 90 days of surveillance cameras and other equipment necessary for its operation on a utility pole maintained by LG&E/Kentucky Utilities, located near 4460 Haley Road, Lexington, Fayette County, Kentucky, 40516. The surveillance cameras shall not record audio;

(B) orders that LG&E/Kentucky Utilities and its agents and employees make no disclosure of the existence of the application and order for the installation of this surveillance camera and accompanying equipment unless and until authorized to do so by this Court; and

(C) seals this Application and the Court's orders pending further orders of the Court.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

This the __19__ day of January, 2023.

Respectfully submitted,

By: __/s/ Isaac Robison__
Isaac Robison
Special Agent FBI

By: __/s/ Francisco J. Villalobos__
Francisco J. Villalobos II
Assistant United States Attorney

Transmitted via email and attested to by telephone in accordance with Fed. R. Crim. P. 4.1, this the __19__ day of January, 2023.

_____
HONORABLE MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE